**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILDA GRIFFIN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 15-3700** |
| | : | |
| **CREDIT ONE FINANICIAL d/b/a** | : | |
| **CREDIT ONE BANK** | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                  **October 29, 2015**

   The issue presented by defendant Credit One Financial's motion to compel arbitration is whether the parties reached an agreement to arbitrate.  Credit One contends they did when the plaintiff Hilda Griffin activated and used the credit card it issued to her with a cardholder's agreement containing an arbitration clause.  Griffin argues that Credit One has not shown that she ever received the agreement.

   Griffin claims that Credit One violated the Telephone Consumer Protection Act ("TCPA")[1] when it continued to make repeated auto-dialed collection calls to her cell phone after she had demanded that Credit One stop the calls.[2]  There is no question that her claims would fall within the scope of the arbitration provision.  The dispute is whether she received the cardholder's agreement and agreed to its terms by activating and using the credit card.

   Because it is not apparent from Griffin's complaint that there is an enforceable arbitration agreement, we shall deny the motion and order discovery limited to the

---

[1] 47 U.S.C. § 227.

[2] Compl. ¶¶ 19-21.

validity of the arbitration agreement.  Upon completion of discovery, Capital One may renew its motion.

## Background

In its motion, Credit One has presented documents, including an affidavit of a vice-president.[3]  Griffin applied for a credit card through Credit One's website on November 20, 2012.[4]  Credit One then mailed a credit card and a cardholder agreement to Griffin, who activated the card.[5]

After Griffin was delinquent in her payments, Credit One started calling her cell phone using an automatic dialer in December 2014.[6]  In mid-January 2015, Griffin told Credit One to stop calling her.  Nevertheless, Credit One continued to call her cell phone five or six times each day until she blocked the calls.[7]

## Discussion

Only when it is apparent from the face of the complaint and its incorporated documents that the parties had agreed to arbitrate their disputes may the court decide the arbitrability issue on a Rule 12(b)(6) motion.  *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citing *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).  On the other hand, when it is unclear from the complaint and its supporting documents that there was an agreement to arbitrate or the plaintiff, in his response to the motion to compel

---

[3] Mot. to Compel, Ex. A (Doc. No. 3-2).

[4] *Id.* Ex. A ¶ 7.

[5] *Id.* ¶ 10.

[6] Compl. ¶¶ 13-14, 16.

[7] *Id.* ¶¶ 19, 22-23.

arbitration, denies an agreement by presenting countervailing facts, the Rule 56 summary judgment standard applies. *Id.* In that event, the court must allow discovery limited to the issue regarding the validity of the arbitration agreement. *Id.* After limited discovery, the court may then entertain a renewed motion to compel arbitration, employing the Rule 56 summary judgment standard. *Id.* If genuine disputes of material fact as to the enforceability of the arbitration provision are raised, the issues will be decided at trial. *Id.*

Here, the complaint does not mention, let alone establish on its face, that Griffin agreed to be bound by the terms of the agreement containing the arbitration clause. There is no allegation in the complaint regarding any agreement with Credit One. Nor is one attached to the complaint. Thus, the existence of a valid arbitration agreement is not clearly established on the face of the complaint.

Although Credit One submitted Griffin's credit card application, a copy of the cardholder agreement containing the relevant arbitration agreement, and an affidavit attesting that the cardholder agreement was mailed to Griffin,[8] there is no evidence that Griffin received it. Griffin does not deny receiving the cardholder agreement.[9] Instead, she argues that Credit One has not met its burden to show she received the agreement.[10] At her deposition, Griffin will have to admit or deny that she received the agreement.

---

[8] Mot. to Compel, Ex. A, A-1, A-2 (Doc. Nos. 3-2, 3-3, 3-4).

[9] Resp. in Opp'n. at 8 (Doc 5-1).

[10] *Id.*

**Conclusion**

Because Griffin's complaint does not clearly establish the existence of an arbitration agreement, we shall deny Credit One's motion without prejudice and order limited discovery regarding the issue of whether an enforceable arbitration agreement existed.