**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HILDA GRIFFIN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-3700 |
| | : | |
| CREDIT ONE FINANICIAL d/b/a | : | |
| CREDIT ONE BANK | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                              February 11, 2016

Because it was not apparent on the face of the complaint that there was an enforceable arbitration agreement, we denied Credit One's motion to dismiss and compel arbitration. At the same time, we granted leave to renew the motion after discovery limited to arbitrability. Having concluded discovery, Credit One has renewed its motion.

After reviewing the record, we conclude that plaintiff Hilda Griffin agreed to arbitrate her dispute with Credit One. Therefore, we shall grant the defendant's motion.

Griffin does not dispute that her claim for violations of the Telephone Consumer Protection Act[1] falls within the scope of the arbitration provision. Rather, she contends that Credit One has failed to demonstrate that she received the cardholder agreement containing the mandatory arbitration provision. So, Griffin argues, Credit One cannot prove that she agreed to arbitrate when she activated her credit card. Credit One counters that it has shown that Griffin received the cardholder agreement with the credit card in the mail.

---

[1] 47 U.S.C. § 227.

Credit One has produced evidence that Griffin received the cardholder agreement. Its records reflect that a credit card pre-approval letter was mailed to Griffin on November 13, 2012.[2] The letter contained a summary of the account's terms and conditions, including arbitration.[3] Griffin accepted the solicitation when she opened an account through Credit One's website on November 20, 2012.[4] Credit One then mailed a credit card to her, which she signed and activated.[5]

In accordance with its customary business practice, Credit One enclosed a copy of the cardholder agreement with the credit card.[6] Credit One has no record of any returned mail.[7]

Griffin does not deny receiving the documents. Instead, she pleads lack of recollection and ignorance. She testified at her deposition that she did not remember receiving any documents related to her Credit One account.[8] She qualified her answer, stating that she did not "remember looking at papers" she had received from Credit One.[9] She admitted that she has "not been the most responsible person as far as some of my credit cards and billings and things."[10]

---

[2] Renewed Mot. to Compel, Ex. A, Affidavit of Gary Harwood (Doc. No. 14-3) ("Harwood Aff.") ¶¶ 3-7, 11.

[3] Renewed Mot. to Compel, Ex. A-1, Preapproval Letter (Doc. No. 14-4) at 2.

[4] Renewed Mot. to Compel (Doc. 14-1) at 2.

[5] Harwood Aff. ¶¶ 13, 15; Renewed Mot. to Compel, Ex. B, Dep. Tr. of Hilda Griffin, Dec. 1, 2015, (Doc. No 14-8) ("Griffin Dep. Tr.") 12:15-17.

[6] Harwood Aff. ¶ 13.

[7] *Id.* ¶ 14.

[8] Griffin Dep. Tr. 25:6-28:6.

[9] *Id.* 27:20.

[10] *Id.* 27:17-19.

**Standard of Review**

The Rule 56 summary judgment standard applies to Credit One's renewed motion to compel arbitration. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013). Thus, we can grant the motion only if there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a).

The initial burden of demonstrating there are no genuine issues of material fact falls on Credit One as the moving party. Fed. R. Civ. P. 56(a). Once Credit One has met its burden, Griffin, as the nonmoving party, must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). She must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

**Analysis**

Griffin contends Credit One has not shown she was bound by any cardholder agreement, let alone the one attached to Credit One's motion. Yet, she does not deny receiving it. Although she remembers receiving her card in the mail, she does not remember what other paperwork, if any, she received with it.[11]

Evidence of proper mailing creates a rebuttable presumption of receipt. *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 319 (3d Cir. 2014). Proof of mailing in the regular course of business may consist of a sworn statement by one having "personal

---

[11] Griffin Dep. Tr. 25:6-28:6.

knowledge" of the procedures in place at the time of the mailing. *Id.* at 319-20. Once a party proves mailing, the burden shifts to the person challenging receipt to produce evidence rebutting the presumption. *Id.* at 320. Although the rebuttal evidence required is minimal, it must be enough to defeat a motion for summary judgment. *Id.* The person's denial of receipt is sufficient to overcome the presumption of receipt. *Id.* at 321.

Here, Credit One has produced the sworn declaration of a person with personal knowledge of the business records in effect at the time.[12] Gary Harwood, Vice-President of Portfolio Services, confirmed that the cardholder agreement containing the arbitration provision was sent with the credit card to Griffin in the regular course of business.[13] He further declared that Credit One has no record of any returned mail related to the account.[14] This evidence of mailing raises the presumption that Griffin received the mail. *Lupyan*, 761 F.3d at 319-20.

Griffin has produced no evidence to rebut the presumption that she received the cardholder agreement in the mail. Rather, she simply does not remember receiving or reading it. Therefore, given the absence of any evidence to the contrary, it is undisputed that Griffin received the cardholder agreement and agreed to its terms when she activated the card.

Griffin also claims Credit One did not prove the cardholder agreement attached to its motion was the one that governed her account. Credit One produced a sworn

---

[12] Harwood Aff. ¶ 6 ("Affiant has access to said records and is fully familiar with the manner in which they are created and maintained, and has reviewed the records related to the plaintiff's account.").

[13] *Id.* ¶¶ 5, 13.

[14] *Id.* ¶ 14.

declaration that the attached agreement was a "true and correct sample" of the one governing Griffin's account.[15]

## Unconscionability

Griffin also contends the arbitration clause was procedurally unconscionable because it was "buried" in an adhesive contract that provided her no meaningful choice.[16]  This argument is frivolous.

A contract is procedurally unconscionable when it deprives one of the parties of meaningful choice.  *Witmer v. Exxon Corp.,* 434 A.2d 1222, 1228 (Pa. 1981).  The form of an agreement, such as fine print, hidden terms or unclear language, may deprive a party of making a meaningful choice.  *Harris*, 183 F.3d at 181.  Likewise, coercive circumstances in a contract's formation may leave a party with no meaningful alternative to acceptance.  *See, e.g.*, *Ostroff v. Alterra Healthcare Corp.*, 433 F. Supp. 2d 538, 545 (E.D. Pa. 2006).

Where and how the language appeared does not matter in this case.  Griffin simply did not bother to read the documents, including the cardholder agreement. Indeed, she claimed she is not "the most responsible person" when it comes to her credit cards.[17]  Consequently, she cannot claim she did not understand the written terms or was misled by them when she never read them.  Thus, she cannot argue that she was not given a meaningful choice to accept or reject the terms of the cardholder agreement.

---

[15] Harwood Aff. ¶ 12.

[16] Pl.'s Resp. in Opp'n to Mot. to Compel (Doc. No. 15-1) at 19.

[17] Griffin Dep. Tr. 27:17-19.

**Conclusion**

Because there was a valid and enforceable arbitration agreement, we shall grant Credit One's motion to compel arbitration. Rather than staying the action, we shall dismiss it without prejudice.